1
2
3
4
5
6
7
8
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
9
**AT SEATTLE**
10

11 STATE OF WASHINGTON,                    NO.

12                    Plaintiff,

13        v.                               COMPLAINT FOR INJUNCTIVE
                                           AND ADDITIONAL RELIEF UNDER
14                                         THE RESTORE ONLINE
                                           SHOPPERS' CONFIDENCE ACT
15 INTERNET ORDER LLC also doing          AND THE WASHINGTON
   business as STROLL and                  CONSUMER PROTECTION ACT
16 PIMSLEURAPPROACH.COM, a
   Maryland Limited Liability Company;
17 and DANIEL ROITMAN, individually
   and on behalf of his marital
18 community, as Chief Executive Officer
   of INTERNET ORDER LLC,
19
                    Defendants.
20

21

22        **COMES NOW**, Plaintiff, State of Washington ("the State"), by and through its

23 attorneys Robert W. Ferguson, Attorney General, and Paula Selis, Senior Counsel, and brings

24 this action against Defendants named herein.  The State alleges the following on information

25 and belief:

26

COMPLAINT FOR INJUNCTIVE AND                        1               ATTORNEY GENERAL OF WASHINGTON
ADDITIONAL RELIEF UNDER THE                                              Consumer Protection Division
RESTORE ONLINE SHOPPERS'                                                 800 Fifth Avenue, Suite 2000
CONFIDENCE ACT AND THE WA CPA                                              Seattle, WA  98104-3188
                                                                            (206) 464-7745

# I.   INTRODUCTION

1.1     Defendants Internet Order, LLC ("Internet Order") and Daniel Roitman ("Roitman," collectively with Internet Order, "Defendants") market and sell Pimsleur-branded foreign language-learning audio courses primarily through their Internet website www.pimsleurapproach.com. They advertise the audio courses for "only $9.95." However, upon signing up for this offer, the consumer is unwittingly enrolled in a negative option plan, which obligates the consumer to receive up to four additional audio courses at a cost of $256 per course. Thus, while the consumer thinks the total obligation is "only $9.95," his or her obligation may be as high as $1024, which is 10,291% more than the original advertised price of $9.95.

1.2     If the consumer notices the charges for the additional audio courses, and calls Internet Order to return them, he or she is subjected to high pressure "save" techniques for which the customer representatives are incentivized by receiving financial rewards. Additionally, Defendants will not refund the consumer's money unless it is returned within a narrow thirty-day "free trial" window, and will require the consumer to pay return shipping and a potential 25% restocking fee, or $64 (i.e., 25% of $256), despite Defendants' promise that the offer is "Risk Free" and comes with a "100% Money Back Guarantee." Defendants also send threatening collection letters to customers who refuse to pay. They place a partial Social Security Number on their collection letters, and threaten to send delinquent accounts to a collection agency, even though Defendants do not have the customer's Social Security Number and do not intend to send the account to a collection agency. More than 38,000 Washington consumers have purchased language-learning CDs from Defendants.

1.3     As a result of these practices, the State brings this action under the Restore Online Shoppers' Confidence Act, 15 U.S.C. § 8403 (1)-(3) ("ROSCA"). The State seeks a permanent injunction based on Defendants' violations of ROSCA.

1.4     As part of the same case or controversy, the State also brings this action pursuant to RCW 19.86, the Consumer Protection Act. The State seeks a permanent injunction and other equitable relief, including restitution, civil penalties, and attorneys' costs and fees, based on violations

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

2

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

of the Consumer Protection Act.  Defendants' actions in Washington affect the public interest.

1.5     As part of the same case or controversy, the State also brings this action pursuant to RCW 19.56.020, the Unsolicited Goods Act.  The State seeks a permanent injunction and other equitable relief, including restitution, civil penalties, and attorneys' costs and fees, based on violations of the Unsolicited Goods Act.

## II.     JURISDICTION AND VENUE

2.1     This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337(a) because this action alleges violations of ROSCA.  The Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

2.2     This Court has personal jurisdiction over Defendants, insofar as their transactions with thousands of Washington consumers demonstrate that they purposely avail themselves of the privilege of conducting activities in this forum; the claims asserted in the Complaint herein arise from those activities; and the Court's exercise of jurisdiction over Defendants is reasonable.

2.3     Venue in this district is proper under 28 U.S.C. § 1391 and 15 U.S.C. § 7706. A substantial portion of the acts complained of have occurred in King County and elsewhere in the Western District of Washington

## III.     PARTIES

3.1     The State, as *parens patriae*, is authorized by 15 U.S.C. § 8405(a) to file actions in federal district court to enjoin violations of ROSCA.  The State is authorized by RCW 19.86.080 to enjoin violations of the Consumer Protection Act, obtain restitution on behalf of persons harmed by such violations, and obtain further and other relief as the Court may deem appropriate, including civil penalties and attorneys' fees.

3.2     Defendant Internet Order LLC is a Maryland Limited Liability Company. Defendant Internet Order also does business as Stroll and pimsleurapproach.com.  Internet Order is located at 1600 John F. Kennedy Boulevard, Third Floor, Philadelphia, Pennsylvania 19103.   Internet Order markets and sells self-instructed foreign language-learning audio

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

3

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

1  courses, primarily through its Internet websites.  It transacts or has transacted business in the

2  state of Washington and in the Western District of Washington.

3      3.3      Defendant Daniel Roitman is the founder, Chief Executive Officer and co-owner of

4  Internet Order LLC.  Defendant Roitman controls and directs its policies, activities, and practices,

5  including those alleged in this Complaint. Defendant Internet Order is owned by three partners, one

6  of which is Morris James Equity Partners LLC.  Morris James Equity Partners LLC is owned by

7  Octavius Consulting and DMR Irrevocable Trust.  Defendant Roitman is the sole owner of Octavius

8  Consulting, and Defendant Roitman's children are the beneficiaries of DMR Irrevocable Trust.

9  Morris James Equity Partners LLC owns 79% of Defendant Internet Order LLC.  The other owners

10  of Internet Order LLC are Equaterra Limited Partners, which owns 20% and Jeffrey Malcolm, who

11  owns 1%.  At all times material to this lawsuit, Defendant Roitman had meetings with managers of

12  Defendant Internet Order LLC, where the company's marketing strategies were discussed.

13  Defendant Roitman, as Chief Executive Officer of Defendant Internet Order LLC, had the ability to

14  discontinue or change the marketing and business practices of Defendant Internet Order, including

15  those alleged in this Complaint. At all times material to this Complaint, Defendant Roitman had the

16  ability to, but did not prohibit the marketing and business practices of Defendant Internet Order

17  described herein. Defendant Roitman, after having received knowledge of consumer complaints

18  relating to the business practices described herein, continued to supervise, control, approve,

19  authorize, ratify, benefit from and/or otherwise participate in the acts and practices hereinafter

20  alleged which constitute violations of ROSCA and the Consumer Protection Act.     Defendant

21  Roitman resides at 2001 Hamilton Street, Unit 1102, Philadelphia, Pennsylvania 19130 and transacts

22  or has transacted business in the state of Washington and in the Western District of Washington.

23      **IV.     NATURE OF TRADE OR COMMERCE**

24      4.1      Defendants' Internet advertisements prominently feature their basic language

25  learning CD, the "Quick & Simple Course," which has been priced at $9.95.  When consumers

26  order the Quick & Simple Course, Defendants fail to adequately disclose that consumers who

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

4

order the Quick & Simple Course are also automatically enrolled in the Pimsleur Rapid Fluency Program, a negative option plan where thirty-day trial copies of advanced Pimsleur courses, currently referred to as "Gold Levels" 1, 2, 3 and 4, are sent to the consumer every sixty days. Nearly all Pimsleur language programs offered by Defendants have a total of three advanced levels except for Spanish which has four levels. Spanish is the most often- purchased language program. These advanced levels are referred to as the Pimsleur Rapid Fluency Program.

4.2    The Rapid Fluency Program Gold Level 1 is automatically shipped to all consumers who purchase the Quick & Simple Course twenty days after the Quick & Simple course is shipped. Each Gold Level of the Rapid Fluency Program includes sixteen CDs that each contains two half-hour lessons. If the consumer does not want to keep the Gold Level courses, the consumer must ship the CDs back at the consumer's expense before the thirty-day trial period is over in order to avoid being charged. If, as is often the case, the consumer has been unwittingly signed up for Defendants' Pimsleur Rapid Fluency Program, and if the thirty-day trial period expires, then Defendants automatically charge the cost of the Gold Level course to the credit card the consumer furnished at the time the Quick & Simple Course was ordered.

4.3    Defendants bill the consumer $256 for each Gold Level course. The payments for each Gold Level course are spread out over four months and are charged to the consumers' account in four equal payments of $64. If the consumer contacts Defendants to cancel a Gold Level course beyond the trial period, he or she will be charged the full $256 at the monthly rate of $64. This is true even if the consumer calls after a single monthly charge of $64 has been made. If the consumer receives all four Gold Level courses, he or she will be billed a total maximum payment of $1024.

4.4    In some instances, consumers realize that Defendants have sent them unordered merchandise when they receive the Gold Level 1 course. If the consumer contacts Defendants prior to the expiration of the thirty-day period after receiving the course, Defendants' customer service employees use a variety of sales techniques to push the consumer to keep the CDs. If those techniques fail, the consumer is instructed that he or she must return the CDs within a certain period

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

5

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

of time.  If the consumer contacts Defendants within the thirty-day period and opts to return the course and cancel the program, Defendants require the consumer to pay for shipping.  If the consumer contacts Defendants after the expiration of the trial period, Defendants' policies generally do not permit any refunds, and Defendants will charge the full $256 price for the Gold Level course.

4.5     If the aggrieved consumer is sophisticated enough to mention what Defendants refer to as "magic words," such as "BBB," "FTC," or "Attorney General," or if the consumer threatens to dispute the charge with his or her credit card company, contact an attorney, or publish a critical online post regarding Defendants' practices, Defendants treat them differently.  Defendants give these sophisticated consumers full refunds, and do not require them to pay shipping or restocking fees.  This is true even if the consumer is outside of the thirty-day "free trial" period.  For those consumers who are not sophisticated enough to mention the "magic words" or threaten Defendants with negative publicity, Defendants insist on payment, and require the consumers to pay shipping and restocking fees.

A.      **Defendants' Marketing Scheme**

4.6     Defendants advertise the Pimsleur Approach widely on the Internet through banner advertising, search engines, email and other methods.  Once consumers click on Defendants' advertisements or links included in Defendants' advertisements, they are typically taken to a landing page created and hosted by Defendants.  Defendants have marketed the Pimsleur Language Learning CDs using several basic versions of this landing page since at least 2008, none of which has adequately disclosed the material terms of the "trial" offer.  In each iteration of their landing pages Defendants use deceptive tactics to draw attention away from the consumer's commitment to the ongoing negative option Pimsleur Rapid Fluency Program, while emphasizing the one-time purchase of the $9.95 Quick & Simple Course.

4.7     One of the deceptive tactics Defendants have used is a pre-checked box on their order form for the Quick & Simple Course.  From approximately May 2008 to May 2010, Defendants' order form included a pre-checked box, which if left checked, would automatically

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

6

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

sign up the consumer for Defendants' Pimsleur Rapid Fluency Program.  See excerpt of Pre-checked Box Landing Page below, a full copy of which is attached as Exhibit A.



COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

7

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

4.8    To order the Quick & Simple Course, the consumer was required to fill in identifying information, including name, address, email address and telephone number, as well as the credit card information necessary for billing.  Below the credit card information and email address, Defendants placed a "Submit My Order" button which, if clicked upon, would complete the sale.

4.9    Below the "Submit My Order" button, Defendants' landing page included a paragraph in small, gray, inconspicuous type that stated, "Yes!  Please send my Quick & Simple Course with FREE shipping right away!" Defendants went on to state, in even lighter gray type, "Also, please enroll me in Pimsleur's new, limited-availability Language Super Acceleration Program as soon as possible!  I understand there's no obligation and I can cancel at any time!" Next to the aforementioned paragraph, Defendants place a pre-checked box which, if left checked, would automatically enroll the consumer in the "Language Super Acceleration Program," (a program which was later renamed the "Rapid Fluency Program").  Defendants failed to clearly and conspicuously disclose the material terms of the Rapid Fluency Program.

4.10    In 2009, Simon & Schuster, the publisher of the Pimsleur Approach, started to receive a high number of complaints about the advertising practices of its licensee, Internet Order.  The complaints centered on the fact that consumers did not knowingly sign up for the advanced-level course negative option plan.

4.11    In response, Simon & Schuster, through Christopher Lynch, the Executive Vice President and Publisher of Simon & Schuster Audio, asked Defendant Roitman for an independent review of Internet Order's advertising.  Simon & Schuster asked for copies of all advertising materials, as well as all landing pages and order pages.  Simon & Schuster also asked for all complaints received by third parties, including the BBB, the FTC and any Attorney Generals' Offices.

4.12    Simon & Schuster also asked Defendant Roitman to uncheck the pre-checked box on the order page.  Thus, consumers would only be entered into the negative option plan if they checked the box.

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

8

4.13    Defendant Roitman refused to adopt the unchecked box as a method for signifying assent to the negative option plan.  Rather, beginning in June 2010, Defendants removed the pre-checked box from the page entirely and instead automatically signed up *all* consumers who purchased the Quick & Simple CDs for the Rapid Fluency Program.  Instead of requiring a positive assent to the Rapid Fluency Program, Defendants simply changed their marketing to *presume* the consumer's assent.

4.14    Defendants' new landing page shifted attention away from the fact that the consumer would be automatically entered into the Rapid Fluency Program.  Defendants used several techniques in order to do so.  See below, excerpt of Automatic-Subscription Landing Page, a full copy of which is attached as Exhibit B.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

COMPLAINT FOR INJUNCTIVE AND ADDITIONAL RELIEF UNDER THE RESTORE ONLINE SHOPPERS' CONFIDENCE ACT AND THE WA CPA

9

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745



COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

4.15    The right column on Defendants' landing page, Exhibit B, contains visual clues to draw the attention of the consumer, including "START HERE," in capital letters and bright red color. The remaining portion of the column is in light blue and ends with a "SUBMIT MY ORDER" button, also in capital letters.  The column is "active" because it requires that the consumer enter the consumer's name, address and other information.

4.16    The left column is designed to discourage any attention to it.  Unlike the right column, the left column is in black and white and includes superfluous advertising text including testimonials.  It is at the end of this long, innocuous and visually crowded column that the consumer first receives any type of disclosure of the negative option plan.  However, the title of the box that includes the disclosure is deceptively titled the "Pimsleur Rapid Fluency Program Membership," which gives the consumer no indication that the box contains terms regarding a substantial additional financial commitment.

4.17    On the Exhibit B landing page, on substantially similar pages that have been in use since at least May 2010 and continuing to the present, Defendants have failed to adequately disclose the material terms of the Pimsleur Rapid Fluency Program.  The net impression of all of these pages is that the consumer, by clicking the action button, is only ordering the $9.95 Quick & Simple CDs.

4.18    Rather than disclose the material terms clearly and conspicuously, Defendants bury them in inconspicuous places, amidst a sea of text, pictures, testimonials and graphics displayed in multiple colors, and in super-imposed boxes that are approximately one-fifth the size of the full web page.  In order to view some of the material disclosures relevant to Defendants' offer, consumers must navigate through a series of hyperlinks and scroll through numerous pages.  But before navigating through these barriers to read the material disclosures, consumers must first surmise there *are* additional terms beyond the purchase of the Quick & Simple CDs.  The existence of additional terms is not readily apparent, and many consumers miss them altogether.

4.19    In order to find the additional terms, consumers must dig deeply through Defendants' advertising to:  1) notice an inconspicuous small-print, gray-on-gray disclosure on the

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

11

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

order form landing page that alludes to the existence of additional terms (Exhibit C, Screenshots of

Disclosures, January 9, 2013, page 2);  2) click on a hypertext link on the landing page in the midst

of additional small-print, inconspicuously-placed additional terms on the left side of the order form

(Exhibit C, page 2);  3) scroll through a page of terms that is a fraction of the size of the full

computer screen, is superimposed on the landing page, and is incapable of being maximized,

(Exhibit C, pages 3-5);  4) click on the link at the end of the page of terms to the "Policies and

Legal Notices" pages (Exhibit C, page 6); and finally, 5) scroll through the "Policies and Legal

Notices" pages, which consist of  more than thirty pages that are a fraction of the size of the full

computer screen, are superimposed on the landing page, and are incapable of being maximized.

Exhibit C, pages 7-39.  An example of one of the pages of Defendants' multiple screen disclosures,

Page 18 of Exhibit C, is excerpted below.  A full-sized copy is appended as part of Exhibit C.



COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

12

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

4.20    Defendants bury material terms in these multiple pages, including but not limited to the fact that the consumer must get a Return Merchandise Authorization Number (RMA) from Defendants in order to return a shipment and that that the consumer may be charged a 25% restocking fee.  Notably, Defendants fail to disclose these particular material facts until the consumer has delved far into the minimized "Policies and Legal Notices" pages, approximately fourteen screens into Defendants' multiple layers of disclosure.  Exhibit C, pages 14 through 16.

4.21    Even with these multiple, hard-to-follow hyperlinked disclosure pages, Defendants still fail to make all of the material disclosures regarding their negative option program.  For example, they fail to disclose the full price of the Pimsleur Rapid Fluency Program.  Never do Defendants actually tell consumers that the cost of each CD advanced-level course is $256, and that the total cost for the full set of CDs in the program, depending on the language chosen, is up to $1024.

4.22    At some point around February 2013, Defendants added a disclosure within the midst of the inconspicuous disclosures on their landing page that stated consumers must pay shipping costs for returned courses.  Despite this additional disclosure, Defendants continued to fail to clearly disclose the material terms of their negative option program.  The net impression of Defendants' marketing has been and continues to be that the *only* product the consumer has ordered is an introductory course that costs only $9.95.  Consumers do not know they have obligated themselves to receive advanced-level courses on a "free trial" basis.

4.23    Defendants perpetuate the belief that the consumer is only ordering the $9.95 course by displaying a summary page at the conclusion of the consumer's online purchase, which purports to be an "official receipt" for the purchase.  The summary page lists the only payment due as the $9.95 for the Quick & Simple Course, any "shipping and handling" charges, and nothing else.  Defendants do not mention any future obligation, the Pimsleur Rapid Fluency Program, a "free trial" or any additional payments.

COMPLAINT FOR INJUNCTIVE AND ADDITIONAL RELIEF UNDER THE RESTORE ONLINE SHOPPERS' CONFIDENCE ACT AND THE WA CPA

13

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

4.24    After placing their orders for the Quick & Simple Courses from Defendants' website, consumers receive a confirmation email from Defendants (herein referred to as "Confirmation Email").

4.25    Defendants' Confirmation Email fails to disclose or even refer to the automatic enrollment in the Rapid Fluency Program.  The Confirmation Email only lists the total purchase price as $9.95 without referencing the other automatic charges for the Rapid Fluency Program, or the total price of the program if a consumer stays in the program until completion.

4.26    In their Confirmation Email, Defendants fail to inform consumers that they should expect to receive shipments of Gold Level CDs as part of the Rapid Fluency Program in addition to the CDs for the Quick & Simple Course.

4.27    Finally, when Defendants send the Gold Level CDs, they include in the packaging a document that appears to be an invoice.  Under the section of the invoice denominated "Order Details," Defendants list a description of the product delivered, e.g., "Italian 1-Gold Course—CDs" Under the section titled "unit price" for the product, they state "Free Trial."  Under the "Order Total," where one would expect to see the total price of the product, they list "0.00." See Exhibit D, Redacted Copy of Invoice.  In the invoice, Defendants fail to inform consumers that unless they return the CDs within the thirty-day trial period, they will be charged the full $256 for the set.

4.28    Consumers have repeatedly complained that Defendants did not adequately disclose the material terms of purchase at the time the consumers ordered the Quick & Simple CDs.  Many consumers do not understand they are being automatically enrolled in a program that in some cases costs $1024 merely by purchasing an initial set of CDs for $9.95.  Many are shocked to find unauthorized credit card charges appearing on their bills for CDs they did not order.  Consumers have complained directly to Defendants themselves; Simon & Schuster, the publisher and licensor of the Pimsleur Approach; the Attorney General's Office; and the Better Business Bureau.

4.29    Defendants are in competition with others in the state of Washington engaged in advertising of language learning programs.

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

14

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

## V.     FIRST CAUSE OF ACTION—VIOLATIONS OF THE RESTORE ONLINE SHOPPERS' CONFIDENCE ACT, 15 U.S.C. § 8403 (1)-(3)

5.1     Plaintiff realleges paragraphs 1.1 through 4.29 and incorporates them herein as if set forth in full.

5.2     The Restore Online Shoppers' Confidence Act, 15 U.S.C. § 8403 (1)-(3) ("ROSCA"), makes it unlawful for any person to charge or attempt to charge any consumer for any goods or services sold in a transaction effected on the Internet through a negative option feature unless the person—

(1) provides text that clearly and conspicuously discloses all material terms of the transaction before obtaining the consumer's billing information;

(2) obtains a consumer's express informed consent before charging the consumer's credit card, debit card, bank account, or other financial account for products or services through such transaction; and

(3) provides simple mechanisms for a consumer to stop recurring charges from being placed on the consumer's credit card, debit card, bank account, or other financial account. 15 U.S.C. § 8403 (1)-(3)

5.3     The term "negative option feature" means, "in an offer or agreement to sell or provide any goods or services, a provision under which the customer's silence or failure to take an affirmative action to reject goods or services or to cancel the agreement is interpreted by the seller as acceptance of the offer."  15 U.S.C. § 8403; 16 CFR 310.2(u).  ROSCA became effective on December 29, 2010.

5.4     A violation of ROSCA is to be treated as a violation of a rule under section 18 of the Federal Trade Commission Act (15 U.S.C. § 57a) regarding unfair or deceptive acts or practices.  15 U.S.C. § 8404(a).  The Attorney General of the State of Washington is empowered to bring an action alleging a violation of ROSCA on behalf of Washington residents. 15 U.S.C. § 8405(a).

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

15

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

5.5     Defendants' sales method includes a negative option feature that obligates the consumer to purchase up to four more sets of courses (the Rapid Fluency Program) from Defendants after purchasing the Quick & Simple Course.  If the consumer fails to take affirmative action to reject the additional courses, Defendants interpret this as acceptance.   Defendants employed this sales method after the effective date of ROSCA, December 29, 2010.

**A.     Failure to disclose material terms under ROSCA**

5.6     Defendants fail to clearly and conspicuously disclose material terms in their Internet transactions with consumers by engaging in the following practices:

a.     Defendants fail to clearly and conspicuously disclose that by purchasing the Quick & Simple CDs, the consumer is automatically entered into a continuing negative option plan that will obligate the consumer to return future deliveries of CD sets in order to avoid being billed.

b.     Defendants fail to clearly and conspicuously disclose the full price of the Pimsleur Rapid Fluency Program in which the consumer is automatically enrolled by purchasing the Quick & Simple Course.  Rather, to the extent any disclosures are made, Defendants couch the price of the program in terms of monthly installments of $64, without clearly and conspicuously disclosing how many payments of $64 the consumer will be billed, the term over which the consumer will be billed, and the total cost of the program when billing is completed.

c.     Defendants fail to clearly and conspicuously disclose that the credit card consumers use to purchase the Quick & Simple Course will be automatically charged for all future billings that are part of Defendants' negative option plan.

d.     Defendants fail to clearly and conspicuously disclose that consumers will be required to pay shipping costs for any Rapid Fluency Program courses the consumers return.

e.     Defendants fail to clearly and conspicuously disclose that consumers must obtain an RMA from one of Defendants' representatives in order to return any courses in the Pimsleur Rapid Fluency Program and that failure to do so will result in rejection of the return.

f.      Defendants fail to clearly and conspicuously disclose that consumers will be

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

16

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

1  required to pay a restocking fee of 25% of the purchase price of a Gold Level course (i.e. $64)

2  if their orders are returned more than ten days after an RMA is issued, or more than thirty days

3  after the delivery to the consumer.

4       5.7    Defendants' failure to clearly and conspicuously disclose all material terms of

5  their transactions with consumers before obtaining the consumers' billing information

6  constitutes violations of ROSCA, 15 U.S.C. § 8403 (1).

7  **B.    Failure to obtain consumers' express informed consent under ROSCA**

8       5.8    ROSCA requires that a seller obtain the consumer's express informed consent

9  *for any goods or services sold in a transaction effected on the Internet through a negative*

10  *option feature* before charging his or her credit card, debit card, bank account, or other

11  financial account for its products (emphasis added).  15 U.S.C. § 8403 (2).

12       5.9    Defendants charge consumers' credit cards for the Pimsleur Rapid Fluency

13  Program CDs without obtaining their express informed consent.  As described in paragraphs 4.1

14  through 4.28, the net impression of Defendants' marketing scheme is that the consumer is *only*

15  obligated to purchase the $9.95 Quick & Simple CDs when he or she clicks on the "Submit my

16  Order" action button on Defendants' landing page.  ROSCA requires that the "express informed

17  consent" be for the "goods or services sold" through "a negative option feature."

18  15 U.S.C. § 8403 (2).  The "consent" the consumer gives when the "Submit my Order" button is

19  clicked is not to purchase the "negative option feature," i.e. the Rapid Fluency Program.

20       5.10    Rather, the consumer consents to purchase the $9.95 Quick & Simple CDs,

21  which are not sold through "a negative option feature."  Accordingly, the consumer does *not*

22  expressly consent to the negative option feature of the sales transaction as required by ROSCA.

23       5.11    Defendants' failure to obtain consumers' express informed consent to a

24  transaction effected on the Internet through a negative option feature, i.e. the Rapid Fluency

25  Program, before charging their credit cards for their products constitutes violations of

26  ROSCA, 15 U.S.C. § 8403 (2).

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

17

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

**C.     Failure to provide simple mechanisms to stop recurring charges under ROSCA**

5.12     ROSCA requires that sellers who use negative option features to market goods or services provide simple mechanisms for consumers to stop recurring charges from being placed on their accounts.  15 U.S.C. § 8403 (3).

5.13     Defendants provide a telephone number to call in order to cancel delivery of future Gold Level CD sets, but this telephone number is not a "simple mechanism" to stop recurring charges.  In fact, Defendants set up numerous barriers to cancellation, which render their mechanisms complicated and cumbersome, rather than simple.  These barriers include but are not limited to the following:

a.     Defendants require consumers to pay shipping costs for any courses returned in the Pimsleur Rapid Fluency Program.  To compound the cost of shipping, Defendants recommend that consumers purchase tracking and insurance coverage for the returned goods.  Unless the CDs are shipped back to Defendants within the thirty-day "trial" period, the consumer cannot avoid recurring charges for them.

b.     Defendants require consumers to obtain an RMA from one of Defendants' representatives in order to return any courses in the Pimsleur Rapid Fluency Program.  Failure to do so will result in rejection of the return.  If a consumer simply returns the CD set within the thirty-day "trial" period without the RMA, Defendants will reject the shipment and send the CDs back to the consumer.  Defendants will charge consumers for the CDs they tried to return.

c.     Defendants require consumers to pay a restocking fee of 25% of the purchase price of a Gold Level course (i.e. $64) if their orders are returned more than ten days after an RMA is issued, or more than thirty days after delivery to the consumer.

d.     When consumers contact Defendants in order to cancel further CD shipments, Defendants' customer service representatives subject consumers to sales tactics designed to push them to keep the CDs they have already received and maintain their unordered subscription to the Pimsleur Rapid Fluency Program.  Even those consumers who

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

18

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

specifically state that they did not order the Rapid Fluency Program and know nothing about it are pressured to keep the CDs.

5.14    By failing to provide simple mechanisms for a consumer to stop recurring charges from being placed on the consumer's credit card, Defendants violate ROSCA, 15 U.S.C. § 8403 (3).

## VI.    SECOND CAUSE OF ACTION—WASHINGTON CONSUMER PROTECTION ACT—FAILURE TO DISCLOSE MATERIAL TERMS OF OFFER

6.1    Plaintiff realleges paragraphs 1.1 through 5.14 and incorporates them as if fully set forth herein.

6.2    In the context of the sale and marketing of Defendants' Pimsleur Rapid Fluency Program, Defendants fail to disclose numerous material facts, including but not limited to the following:

a.    Defendants fail to adequately disclose that by purchasing the Quick & Simple CDs, the consumer is automatically entered into a continuing negative option plan that will obligate him or her to return future deliveries of CD sets in order to avoid being billed.

b.    Defendants fail to adequately disclose the full price of the Pimsleur Rapid Fluency Program in which the consumer is automatically enrolled by purchasing the Quick & Simple Course.  Rather, to the extent Defendants make any disclosures beyond the $9.95 price of the Quick & Simple Course, they couch the price of the program in terms of monthly installments of $64, without clearly and conspicuously disclosing how many payments of $64 will be billed.  They also fail to disclose the term over which the consumer will be billed, and the total cost of the program when billing is completed.

c.    Defendants fail to adequately disclose that they will automatically charge the credit card consumers use to purchase the Quick & Simple Course for numerous future CD shipments that comprise Defendants' negative option plan.

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

19

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

d.      Defendants fail to adequately disclose that consumers will be required to pay shipping costs for any courses returned in the Pimsleur Rapid Fluency Program, and that such costs may be even greater than expected in light of Defendants' recommendation that return shipping include tracking and insurance coverage.

e.      Defendants fail to adequately disclose that consumers must obtain an RMA from one of Defendants' representatives in order to return any courses in the Pimsleur Rapid Fluency Program and that failure to do so will result in rejection of the return.

f.      Defendants fail to adequately disclose that consumers will be required to pay a restocking fee of 25% of the purchase price of a Gold Level course (i.e. $64) if their orders are returned more than ten days after an RMA is issued, or more than thirty days after the delivery to the consumer.

g.      Defendants fail to disclose in the confirmation summary page displayed immediately after purchase of the Quick & Simple Course the existence of the negative option feature of Defendants' program and the material terms of the Rapid Fluency Program.

h.      Defendants fail to disclose in the Confirmation Email sent to consumers after purchase of the Quick & Simple Course the existence of the negative option feature of Defendants' program and the material terms of the Rapid Fluency Program.

i.      Defendants fail to disclose on the invoice included with the packaging of the Gold Level CDs, that unless the consumer returns the CDs within the thirty-day trial period, they will be charged the full $256 for them.  Instead, they mislead the consumer into believing that the CDs are free, by listing "Free Trial" under the "unit price" of the CDs, and displaying the "order total" as "0.00."

6.3     The conduct described in paragraphs 6.2 (a) through 6.2 (i) constitutes unfair and deceptive acts and practices in trade or commerce and unfair methods of competition in violation of RCW 19.86.020.

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

20

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

## VII.    THIRD CAUSE OF ACTION—WASHINGTON CONSUMER PROTECTION ACT –MISREPRESENTATIONS

7.1     Plaintiff realleges paragraphs 1.1 through 6.3 and incorporates them as if fully set forth herein.

7.2     In the context of the sale and marketing of their Pimsleur Approach Language CD's, Defendants make numerous misrepresentations, including but not limited to the following:

a.     Defendants induce consumers to provide their credit card information by misrepresenting that the Rapid Fluency Program  is "risk-free;" a "free trial;" and carries "no obligation."   In fact, Defendants' program offers are not "risk-free," "free trials" with "no obligation."   Consumers who provide Defendants with their credit information to purchase the Quick & Simple Course are charged for Gold Level courses that they did not know about and did not agree to purchase.  Their "risk" of Defendants' offer is significant, and the "free" trial is not free to consumers who are charged for a program they did not order.  The financial risks and obligations that consumers confront in Defendants' negative option program include but are not limited to expending the funds necessary in order to extricate themselves from the Pimsleur Rapid Fluency Program.  These funds include shipping charges for returned courses, restocking fees, and other costs for the tracked and insured shipping recommended by Defendants for returned courses.

b.     Defendants misrepresent the savings afforded by an allegedly lower price for the Quick &Simple Course and its allegedly limited duration.  They advertise the "special sale price" of $9.95 directly below the crossed-out price of "$29.95."  They state that the consumer can "Save 67%" and/or "50%" by taking advantage of their offer.   They misrepresent that the $9.95 promotion is a "special offer" with "limited availability."  Some of Defendants' landing pages have represented the crossed-out price of $19.95, with an advertised price of $9.95.  In Defendants' online sales video presentation, which has been used in conjunction with their other advertising, they misrepresent that the full price of the product is $29.95, but that through the permission of a supervisor, the consumer will be able to buy the product for a discounted price of $9.95.  In fact, Defendants do not offer the Quick & Simple

COMPLAINT FOR INJUNCTIVE AND ADDITIONAL RELIEF UNDER THE RESTORE ONLINE SHOPPERS' CONFIDENCE ACT AND THE WA CPA

21

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

Course for any price other than $9.95.  In fact, Defendants do not offer a "sale" price or "discount" on the $9.95 purchase price of the Quick & Simple Course.  In fact, Defendants' product is not a special order or unique product that cannot be readily reproduced, and Defendants are not limited to the quantity they can carry, stock, reproduce and/or obtain.

      c.    In invoices sent to consumers along with the Gold Level courses Defendants make further misrepresentations.  The Gold Level courses each arrive in a box containing an invoice that states "Free Trial," and lists "0.00" as the "Order Total."  The invoice contains no information about payments that will be automatically billed to the consumers' accounts if they fail to cancel within thirty days.  In fact, Defendants actually will charge the consumer $256 for the Gold Level course if the consumer does not cancel within thirty days, even though the invoice states the order total is "0.00."

7.3    The conduct described in paragraphs 7.2 (a) through 7.2 (c) constitutes unfair and deceptive acts and practices in trade or commerce and unfair methods of competition in violation of RCW 19.86.020.

## VIII.   FOURTH CAUSE OF ACTION—VIOLATION OF UNSOLICITED GOODS ACT

8.1    Plaintiff realleges paragraphs 1.1 through 7.3 and incorporates them as if fully set forth herein.

8.2    Defendants offer several of their products through trial offers in which the service is provided at no charge during the trial period.  After the trial period, if the customer fails to cancel, Defendants will automatically charge the consumer.

8.3    As described in paragraphs 4.1 through 4.28, the consumer is not clearly informed that the "free trial" will turn into a continuing obligation to receive products pursuant to a negative option marketing plan, and that failure to cancel within the prescribed period and in accordance with Defendants' process will result in a succession of monthly charges to the consumer's credit card.  "Acceptance" of Defendants' free trial offer is presumed, even if it is

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

22

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

obtained deceptively and without the consumer's knowledge.  At the end of the free trial, Defendants presume the customer's silence is an agreement to pay for the advanced course.

8.4     The Unsolicited Goods Act, RCW 19.56.020, provides that unless goods or service have been specifically requested in an affirmative manner, they are deemed "unsolicited" and "the recipient may use them or dispose of them in any manner without any obligation to the provider."  Despite the fact that Defendants' products are not specifically requested in an affirmative manner, and that the consumer has no obligation to pay for them, the company bills the consumer for the products.  It is an unfair and deceptive practice to bill consumers for products for which they have no obligation to pay.

8.5     Defendants' conduct violates RCW 19.56.020, and pursuant to RCW 19.56.030, a violation of RCW 19.56.020 constitutes an unfair or deceptive act or practice in trade or commerce and a violation of RCW 19.86.020, the Consumer Protection Act.

8.6     The conduct described in paragraphs 8.2 through 8.4 constitutes unfair and deceptive acts and practices in trade or commerce and unfair methods of competition in violation of RCW 19.86.020.

## IX.     FIFTH CAUSE OF ACTION—WASHINGTON CONSUMER PROTECTION ACT--IMPOSING AN UNLAWFUL PENALTY

9.1     Plaintiff realleges paragraphs 1.1 through 8.6 and incorporates them as if fully set forth herein.

9.2     Defendants require consumers to pay a restocking fee of 25% (i.e. $64) of the purchase price of a Gold Level course if their orders are returned more than ten days after an RMA is issued, or more than thirty days after the delivery of a course to the consumer.

9.3     The restocking fee is not a reasonable forecast of just compensation for the harm caused to Defendants by the return of the CDs.  Accordingly, it constitutes an unlawful penalty.

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

23

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

9.4    Defendants' imposition of penalties, as distinguished from liquidated damages amounts, constitutes unfair and deceptive acts and practices, and unfair methods of competition in violation of RCW 19.86.020.

## X.    SIXTH CAUSE OF ACTION—UNFAIR AND DECEPTIVE CANCELLATION PRACTICES

10.1    Plaintiff realleges paragraphs 1.1 through 9.4 and incorporates them as if fully set forth herein.

10.2    Defendants create a number of unfair and deceptive barriers to cancellation that are part of the fabric of their business practices.  These barriers to cancellation include, but are not limited to the following:

a.    Defendants require consumers to pay shipping costs for any courses returned in the negative option Pimsleur Rapid Fluency Program.  These costs may be even greater than expected in light of Defendants' recommendation that return shipping include tracking and insurance coverage.  Unless the CD's are shipped back to Defendants within the thirty-day "trial" period, the consumer cannot avoid recurring charges for them.

b.    Defendants require consumers to obtain an RMA from one of Defendants' representatives in order to return any courses in the Pimsleur Rapid Fluency Program.  Failure to do so will result in rejection of the return.  If a consumer simply returns the CD set within the thirty-day "trial" period without the RMA, the shipment will be rejected by Defendants and sent back to the consumer.

c.    Defendants require the consumer to pay a restocking fee of 25% of their purchase price of a particular course (i.e. $64) if the consumer's order is returned more than ten days after an RMA is issued, or more than thirty days after the delivery of a course to the consumer.

d.    When consumers call to request a refund or cancel their orders with Defendants, they have been put on hold for long periods of time waiting for an available operator.

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

24

e. When consumers call to cancel, Defendants use a variety of methods to dissuade them from cancelling, including but not limited to representing that the next advanced course is ready to be shipped from the warehouse and would be difficult to stop;  and that because Defendants have already paid "royalties" to the publisher, they are incapable of issuing a refund.

f. When consumers contact Defendants about unknown or unauthorized charges appearing on their billing statements, Defendants fail to disclose that if these consumers use what Defendants term "magic words," including but not limited to "BBB," "FTC," or "Attorney General," or if the consumer threatens to institute a chargeback, contact an attorney, or publish a critical online post regarding Defendants' practices, they will receive automatic refunds and free return shipping without a restocking fee, even if the consumer is outside of the thirty-day "free trial" period.  Unsophisticated consumers who fail to invoke these "magic words" are required to make payment to Defendants or be subject to Defendants' collection activities.

g. When consumers contact Defendants in order to request a refund or cancellation, Defendants attempt to "save" the consumer by using high pressure tactics to encourage the consumer to remain in the Pimsleur Rapid Fluency Program.  Even when the consumer specifically states "I did not order," "I never signed up for anything," or "What is this program I signed up for," or asks how to return the unwanted CDs, Defendants deem the consumer's call a "save" opportunity and push the consumer to purchase the program. Defendants incentivize their sales representatives to make as many "saves" as they can, through rewards such as gift certificates for those who make the most "saves," and by terminating employees who fail to make the required number of "saves."

10.3    The conduct described in paragraphs 10.2 (a) through 10.2 (g) constitutes unfair and deceptive acts and practices, and unfair methods of competition in violation of RCW 19.86, the Consumer Protection Act.

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

25

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

## XI.   SEVENTH CAUSE OF ACTION—WASHINGTON CONSUMER PROTECTION ACT--UNFAIR AND DECEPTIVE REPRESENTATION OF TRIAL PERIOD

11.1    Plaintiff realleges paragraphs 1.1 through 10.3 and incorporates them as if fully set forth herein.

11.2    Defendants' sales scheme purports to obligate consumers to pay for the Gold Level CDs in the Rapid Fluency Program if the consumer fails to cancel within thirty days of receiving them.   They represent that if the consumer cancels within the thirty-day period following receipt, the consumer will not be required to pay for them.   If the consumer fails to cancel within the thirty days, then the consumer's credit card is charged for the advanced level.

11.3    In some instances, Defendants fail to ship the advanced level CDs according to their own internal schedule for shipment.   This internal schedule provides that the first Gold Level CDs will be shipped 20 days after the Quick & Simple Course is shipped.   When Defendants cause a shipping delay of the Gold Level CDs, which in some instances has been more than a month, the consumer receives them outside of what would normally be the thirty-day "free trial" period.   When the consumer contacts Defendants to cancel in such instances, even if it is immediately after the consumer receives the CDs, he or she is told that the trial period has elapsed, and the consumer cannot cancel.   In these instances, the consumer is charged the full price for the Gold Level CDs, despite the fact that Defendants own terms of purchase provide that the consumer may cancel without charge within thirty days of receiving the Gold Level course, despite the fact that Defendants' own conduct caused the delay and despite the fact that cancellation occurs within thirty days of receipt of the Gold Level CDs.

11.4    Defendants' actions in refusing to permit cancellation within thirty days of the consumer's receipt of the Gold Level CDs and then charging those consumers for the CDs when Defendants delayed shipment, is an unfair and deceptive business practice and an unfair method of competition in violation of RCW 19.86.020.

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

26

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

## XII.   EIGHTH CAUSE OF ACTION—WASHINGTON CONSUMER PROTECTION ACT--UNFAIR AND DECEPTIVE COLLECTION PRACTICES

12.1    Plaintiff realleges paragraphs 1.1 through 11.4 and incorporates them as if fully set forth herein.

12.2    In the context of their collection activities, which include a series of collection notices sent via email and U.S. Mail to consumers who have failed to pay for CDs delivered to them, Defendants make numerous misrepresentations, including but not limited to the following:

a.    Defendants misrepresent that the consumer has "promised to pay" for products.  In fact, the consumer has not "promised to pay" for products and in many cases, has no knowledge that they will be delivered.

b.    Defendants misrepresent that when they shipped their products to consumers they "trusted" them to "honor" the "commitment" to pay for the course.  In fact, consumers have not made any "commitments" to Defendants.

c.    Defendants misrepresent that if the consumer fails to pay, they may send the consumer's account "to an outside collection agency."  They further state "I don't want to send you to a collection agency, and make a tough situation even worse…"  They also state "It's much better to pay the company you owe…than to work with a collection agency, who may add on fees and may affect your credit score."  In the letter that they internally refer to as their "final" collection letter, they state, "In order to avoid any escalation of our collections process you must contact us via phone by (date)."  In fact, Defendants do not send any consumers' accounts to outside collection agencies.

d.    Defendants' collection notices contain a caption that includes the consumer's name followed by "SSN *** ** ****."  In fact, Defendants have not actually obtained the consumer's Social Security Number when the collection notices are sent.  Rather, they post asterisks next to the "SSN" designation to intimidate consumers into believing that Defendants do have the consumers' numbers and that they will be used to facilitate collection activities.

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

27

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

12.3    The conduct described in paragraphs 12.2 (a) through 12.2 (d) constitutes unfair and deceptive acts and practices, and unfair methods of competition in violation of RCW 19.86, the Consumer Protection Act.

### XIII.   THIS COURT'S POWER TO GRANT RELIEF

13.1    The Restore Online Shoppers' Confidence Act empowers this Court to enjoin further violations by Defendants.   15 U.S.C. § 8405(a).   This Court is also empowered by RCW 19.86.080 to enjoin violations of the Consumer Protection Act, obtain restitution on behalf of persons harmed by such violations, and obtain further and other relief as the Court may deem appropriate, including civil penalties and attorneys' fees.

### XIV.   PRAYER FOR RELIEF

14.1    WHEREFORE, Plaintiff, STATE OF WASHINGTON, prays that this Court grant the following relief:

a.    Adjudge and decree that Defendants have engaged in the conduct complained of herein;

b.    Adjudge and decree that the conduct complained of in paragraphs 5.1 through 5.14 constitutes violations of the Restore Online Shoppers' Confidence Act, 15 U.S.C. § 8403 (1)-(3);

c.    Adjudge and decree that the conduct complained of in paragraphs 6.1 through 12.3 constitutes violations of the Consumer Protection Act, RCW 19.86.020;

d.    Adjudge and decree that the conduct complained of in paragraphs 8.1 through 8.6 constitutes violations of the Unsolicited Goods Act, RCW 19.56.020;

e.    Permanently enjoin Defendants and their representatives, successors, assigns, officers, agents, servants, employees, and all other persons acting or claiming to act for, on behalf of, or in active concert or participation with Defendants from continuing or engaging in the unlawful conduct complained of herein;

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

28

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

1     f.  Award Plaintiff the attorneys' fees and costs of bringing this action,

2 pursuant to RCW 19.86.080 as well as such other and additional relief as the Court may

3 determine to be just and proper.

4

5    DATED this 22nd day of September, 2014.

6

7            Presented by:
             ROBERT W. FERGUSON
8            Attorney General

9

10           By:  /s/ Paula Selis
            PAULA SELIS, WSBA 12823
11           Assistant Attorney General
            Attorney General of Washington
12           800 Fifth Ave., Suite 2000
            Seattle, WA 98104-3188
13           Phone: (206) 464-7662
            Fax: (206) 587-5636
14           Email: Paula.Selis@atg.wa.gov
            *Attorneys for Plaintiff State of Washington*

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
RESTORE ONLINE SHOPPERS'
CONFIDENCE ACT AND THE WA CPA

29

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745